*1116 OPINION.
Love:
The sole issue presented is whether or not Lina B. Kier and Iva D. Kier were copartners in the W. E. Kier Construction Co., or merely subpartners of their respective husbands, during the year 1921.
*1117 Under section 158 of «the Civil Code of California, husband and wife may be partners. At section 2395 that Code defines a partnership as follows:
Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them.
The respondent asserts that the agreement of January 2, 1921, resulted only in assignments of half of the profits of each brother to his respective wife after his receipt of such profit as income. We think, however, that if the wives were members of an “ association of two or more persons, for the purpose of carrying on business together ” they were copartners in the W. E. Kier Construction -Co. The agreement of January 2,' 1921, was not a mere assignment of one-half of each brother’s income to his wife. It created in each wife a liability for future losses of the W. E. Kier Construction Co. proportionate to the share she was to receive in the profits. Section 2404 of the Code provides that when persons share profits, the sharing of losses is implied, even if unstated, unless a contrary intention is expressed.
The circumstances under which each of the Kier brothers started in business are singularly parallel. There is ample evidence for our findings respecting these points and no attempt at contradiction on behalf of the respondent. The wives in each instance supplied the capital; the petitioners supplied their services. Each wife, by oral agreement with her husband, retained her capital interest in the business.
Eventually, each of the brothers became aware that the other considered himself a partner with his wife and that the respective wives each retained a capital interest in her husband’s share of the partnership. They were advised that,- for income-tax purposes, some written statement of the situation was desirable. We consider, in view of all the facts, that it was the intention of the parties to the agreement of January 2, 1921, knowing what they then knew, to form a partnership and that a partnership between all four of them existed subsequent to that date.
The respondent argues that the absence of accounts in' the wives’ names on the company books, and the deposits of withdrawals in joint accounts, raise an implication that the wives had no interest in the company, but were merely subpartners of their husbands. Book entries either in the accounts of the company or in bank accounts are merely evidentiary. The rights of the parties can neither be established nor impaired by them, the facts must govern. Douglas v. Edwards, 298 Fed. 229. We have found that the wife of each of the petitioners herein supplied the capital enabling her husband to establish himself in business and that to each wife there was specifically reserved a capital interest in the husband’s business.
*1118 In our opinion, upon the facts shown, th% absence of accounts on the books of the company holds little significance. This was a family business. There existed between the brothers a harmony and affection that is refreshing to note and in the marital communities an admirable spirit of cooperation. The Kier brothers had conducted the business for almost 10 years without a written agreement of partnership. We believe no reasonable element of suspicion can be drawn from the informalities referred to by the respondent.
It is our conclusion that the respondent erred in adding to the incomes of the petitioners the shares of their respective wives in the profits of the W. E. Kier Construction Co. His action in so doing is therefore reversed.

Judgment will be entered in both cases wider Bule 50.